**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3853-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

IBRAHIM S. DAO, a/k/a
ACE S. DAO,

    Defendant-Appellant.

_____

Submitted October 16, 2019 – Decided November 22, 2019

Before Judges Yannotti and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 03-02-0542.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Natalie A. Schmid Drummond, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ibrahim Dao appeals from the January 26, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I

In 2002, defendant, a non-citizen of the United States and Sierra Leone national, was charged with first-degree robbery and other offenses. On May 3, 2004, defendant pled guilty to third-degree terroristic threats, and on June 18, 2004, the trial court sentenced him to a term of 364 days in jail. On July 1, 2004, the court entered a judgment of conviction. Defendant did not make a direct appeal.

In May 2014, the United States Department of Homeland Security (DHS) advised defendant he was subject to removal from the United States. The DHS cited two reasons for defendant's removal: his 2004 conviction, and another conviction in 2014 for aggravated assault on a law enforcement officer and resisting arrest.

On May 30, 2017, defendant filed a petition for PCR in the trial court. He asserted that the petition was not barred by Rule 3:22-12 even though he filed it almost thirteen years after the entry of the judgment of conviction. He claimed he was denied the effective assistance of counsel because his plea counsel

allegedly misinformed him concerning the immigration consequences of his plea. He also contended counsel failed to correct statements concerning his immigration status in the plea agreement and presentence report.

On January 26, 2018, Judge Michele M. Fox heard oral argument, and then placed a comprehensive oral decision on the record. The judge determined defendant failed to establish that his failure to file a timely petition was due to excusable neglect, or that enforcement of the time bar would result in a fundamental injustice. As a result, the judge concluded that Rule 3:22-12 applied, barring defendant's petition.

Nevertheless, Judge Fox went on to address the merits of defendant's petition and found he had not established a prima facie case of ineffective assistance of counsel. The judge explained that when defendant entered his plea, the law was unsettled as to whether conviction of terroristic threats under New Jersey law could result in deportation under federal law. That issue was not definitively resolved by the Third Circuit until 2016. See Javier v. Attorney General, 826 F.3d 127, 132 (3d Cir. 2016) (holding that terroristic threats was an aggravated felony under 18 U.S.C.A. § 924(e) (2) (B), and a person convicted of that offense was subject to removal).

A-3853-17T4

Judge Fox found that in 2004, when defendant entered his plea, his counsel could not have reasonably anticipated the Third Circuit's ruling. The judge also found that defendant was not prejudiced because he failed to show that but for the alleged erroneous advice, he would have rejected the plea offer and proceeded to trial.

In addition, Judge Fox determined that counsel did not err by failing to correct the plea agreement and the presentence report because defendant had not provided counsel with detailed information concerning his immigration status. The judge further noted that when defendant entered his plea, he told the court the statements on his plea form were accurate. The judge also ruled that defendant was not entitled to an evidentiary hearing on his petition since he failed to present a prima facie case of ineffective assistance of counsel.

This appeal followed. Defendant presents the following points of argument:

POINT I

> THE PCR COURT SHOULD HAVE HELD AN EVIDENTIARY HEARING BECAUSE DEFENSE COUNSEL MISINFORMED DEFENDANT ABOUT IMMIGRATION CONSEQUENCES OF HIS GUILTY PLEA. SEE STATE v. NUNEZ-VALDEZ, 200 N. J. 129, 143 (2009).

A-3853-17T4

POINT II

> THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT'S PCR PETITION WAS TIME-BARRED BECAUSE DEFENDANT FILED HIS PCR PETITION WITHIN MONTHS OF DISCOVERING THE FACTUAL PREDICATE FOR HIS PCR PETITION. SEE R. 3:22-12(a) (2) (B)

We find no merit in these arguments and affirm substantially for the reasons stated in Judge Fox's cogent oral opinion. We add the following comments.

## II

"A petitioner must establish the right to [post-conviction] relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the petitioner must set forth specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

A defendant must prove two elements to establish a PCR claim that trial counsel was constitutionally ineffective: first, that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 688, 694 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694).

When a claim of ineffective assistance follows a guilty plea, a defendant must prove counsel's constitutionally deficient representation and also "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, (1985); accord State v. DiFrisco, 137 N.J. 434, 457 (1994).

The record indicates the court advised defendant at a pretrial hearing, in 2003, that his maximum exposure, if convicted on all counts, was a sixty-three-year prison sentence, forty years to be served without parole. Defendant rejected several plea offers before eventually accepting a very favorable plea offer – in exchange for pleading guilty to one count of third-degree terroristic threats, the State agreed to recommend a sentence of 364 days in the county jail, with no probationary term, and the dismissal of all remaining charges. On June 18, 2004, the court sentenced defendant pursuant to the plea agreement and defendant received 447 days of jail credit for time spent in custody.

Judge Fox found the record and defendant's contentions failed to establish a prima facie case of ineffective assistance of counsel, and, therefore, did not warrant an evidentiary hearing. In reaching this conclusion, the judge applied Strickland's two-prong analysis. Strickland, 466 U.S. at 694.

As to prong one, the judge found defendant failed to establish he received ineffective assistance because he never fully informed plea counsel of his complex immigration status, and plea counsel was not deficient in advising him there were no immigration risks to pleading guilty to third-degree terroristic threats, at that time. As to prong two, Judge Fox found, notwithstanding plea counsel's alleged errors, defendant would still have taken the very favorable plea offer. Judge Fox noted the maximum exposure facing defendant if he went to trial, and the previous plea negotiations as evidence of defendant's clear willingness to reach a satisfactory plea agreement in lieu of proceeding to trial.

Since defendant failed to establish a prima facie case, Judge Fox reasonably exercised her discretion in denying defendant's petition without an evidentiary hearing. See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." (citing State v. Marshall, 148 N.J. 89, 157-58 (1997))).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3853-17T4